UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Christopher Moore,

                    Petitioner,              CR-92-0200 (CPS)

    - against -                              MEMORANDUM OPINION
                                             AND ORDER
United States of America,

                    Respondent.

----------------------------------------X

SIFTON, Senior Judge.


        Petitioner *pro se* Christopher Moore, currently incarcerated
at the United States Penitentiary in Jonesville, Virginia, seeks
modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2)
or "any other relevant provision of the law." On April 21, 1993,
following a jury trial, petitioner was convicted of one count of
conspiracy to distribute cocaine base, in violation of 21 U.S.C.
§§ 846, 841(b)(1)(A) (count one), two counts of distribution and
possession with intent to distribute cocaine base, in violation
of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (counts two and four),
intentional use and carrying of firearms during and in relation
to the drug conspiracy in violation of 21 U.S.C. § 924(c)(1)
(counts five(a)-(k)), and possession of firearms with the
manufacturer's serial number removed and obliterated, in
violation of 18 U.S.C. §§ 922(k), 924(a)(1) (count nine).
Petitioner was acquitted on three other related counts. Following
conviction petitioner was sentenced to life imprisonment on count

one, twenty years on counts two and four, five years on counts

seven and nine, all of which run concurrently, and to a

consecutive term of five years on count five. The conviction and

sentence were affirmed on direct appeal, and subsequent motions

and petitions, including a 28 U.S.C. § 2255 petition, have all

been denied. Now before the Court is petitioner's motion to

modify his sentence in light of the Supreme Court's decision in

*United States v. Booker*, 543 U.S. 220 (2005). For the reasons

stated below, petitioner's motion is construed as a successive §

2255 petition and transferred to the Court of Appeals.

## DISCUSSION

Petitioner purports to bring his motion pursuant to 18

U.S.C. § 3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it
> has been imposed except that...in the case of a defendant
> who has been sentenced to a term of imprisonment based on
> a sentencing range that has subsequently been lowered by
> the Sentencing Commission pursuant to 28 U.S.C. 994(o),
> upon motion of the defendant or the Director of the
> Bureau of Prisons, or on its own motion, the court may
> reduce the term of imprisonment...

Petitioner argues that because, following the Supreme

Court's decision in *Booker,* defendants convicted of the same

crimes as petitioner have received sentences beneath the

guideline range used in calculating petitioner's sentence, 18

U.S.C. § 3582(c)(2)'s requirement that the sentencing range "has

subsequently been lowered" is met.[1]

Petitioner's interpretation of § 3582(c)(2) is in conflict with the plain language of the statute which requires that the range have been lowered "by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Although there is no Second Circuit precedent on the issue of whether the Supreme Court's decision in *Booker* satisfies 18 U.S.C. 3582(c)(2), such an interpretation is unlikely. See *U.S. v. Mitchell*, 122 Fed.Appx. 539, *1 (2d Cir. 2005)("At best, [petitioner's] effort somehow to import *Blakely* and, by extension, *Booker* into a recalculation of his sentence under 18 U.S.C. § 3582(c)(2) is a collateral attack on the original judgment."). Every other circuit to have considered the issue has held that a petition under 18 U.S.C. § 3582(c)(2) cannot invoke *Booker*. See *United States v. Price*, 438 F.3d 1005, 1007 n. 2 (10th Cir. 2006); *United States v. Rolle*, 2006 WL 177596, at *1 (4th Cir. 2006) (unpublished); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Sanchez*, 140 Fed.Appx. 409, 410 (3d Cir. 2005) (unpublished);

---

[1] The Sentencing Guidelines treat 100 grams of powder cocaine as equivalent to 1 gram of crack cocaine, a 100:1 ratio for the purposes of sentencing. Post *Booker,* courts have imposed non-guidelines sentences in cases involving cocaine base (crack cocaine), based in part on the use by the Sentencing Commission of the 100:1 ratio. See *Simon v. United States*, 361 F. Supp. 2d 35 (E.D.N.Y. 2005)(using sentencing range based on a 20:1 or 10:1 ratio); *U.S. v. Fisher*, 2005 WL 2542916 (S.D.N.Y. 2005)(using a 10:1 ratio); *U.S. v. Eudocia*, 2006 WL 903237 (S.D.N.Y. 2006)(using 20:1 ratio). *U.S. v. Leroy*, 373 F.Supp.2d 887 (E.D. Wis. 2005)(using 20:1 ratio). Petitioner argues that he should be resentenced under the powder cocaine guidelines instead of the crack cocaine guidelines, thus requesting sentencing pursuant to a 1:1 ratio.

*Hayes v. United States*, 141 Fed.Appx. 463, 464 (7th Cir. 2005)
(unpublished); *United States v. Privette*, 129 Fed.Appx. 897, 899
(5th Cir. 2005). District courts in the Second Circuit have
reached the same conclusion. See *U.S. v. Hough*, 2006 WL 625843
(W.D.N.Y. 2006); *U.S. v. Gomez*, 2005 WL 1431690 (S.D.N.Y. 2005).

Petitioner also requests relief pursuant to "any other
relevant provision of the law." Because petitioner's request for
resentencing following the *Booker* decision challenges the
legality of his sentence, the proper basis for his motion is 28
U.S.C. § 2255. *Jiminian v. Nash*, 245 F.3d 144, 146-147 (2d Cir.
2001) ("2255 is generally the proper vehicle for a federal
prisoner's challenge to his conviction and sentence"). I
therefore construe Moore's petition as having been brought
pursuant to § 2255. *Vasquez v. United States*, 2001 WL 668933
(S.D.N.Y. 2001) (construing § 3582 motion as a § 2255 motion);
*Sobczak v. United States*, 2005 WL 2030735 (W.D.N.Y. 2005)(same).
However, to the extent that Moore's petition invokes § 2255, this
Court lacks jurisdiction to consider it.[2] Because petitioner has
made previous requests for relief under § 2255, he cannot file a
successive § 2255 motion without first obtaining a certification
from the Court of Appeals as required by the Antiterrorism and
Effective Death Penalty Act ("AEDPA"). See *Liriano v. United*

---

[2] Because there is no jurisdiction, I will not consider the merits of
Moore's § 2255 claim.

*States*, 95 F.3d 119, 121 (2d Cir. 1996). *Liriano* held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the [Second Circuit's] authorization...the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631."[3] *Liriano,* 95 F.3d at 123.

Accordingly, Moore's petition is transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.

## CONCLUSION

For the reasons set forth above, petitioner's motion to modify his sentence is construed as a successive § 2255 petition and is transferred to the Court of Appeals.

The Clerk is directed to transmit a copy of the within to all parties and to transfer the petition to the Second Circuit Court of Appeals.

SO ORDERED.

Dated :   Brooklyn, New York
          July 21, 2006


By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge

_____

[3] "When a district court is presented with a...petition raising claims that are properly the subject of a § 2255 petition, it may construe the petition as a successive habeas petition and transfer it to [the Court of Appeals], without giving prior notice to the petitioner, so long as the petitioner's earlier § 2255 petition was dismissed on the merits." *Grullon v. Ashcroft*, 374 F.3d 137, 139 (2d Cir. 2004); *Cephas v. Nash*, 328 F.3d 98, 104 n. 5 (2d Cir. 2003).