FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 14 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

CHRISTOPER MOORE,

                           Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

92-CR-200 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On September 17, 2009, Judge Charles P. Sifton denied Defendant Christopher Moore's motion for reconsideration of a re-sentencing order issued on March 17, 2009. (Docket Entry ## 401, 411.) This court concluded that Moore failed to file a reply because of excusable neglect and granted him permission to file one. (Docket Entry # 417.) The court has now received two letters from Moore (Docket Entry ## 421, 423) and one from his counsel (Docket Entry # 422) (collectively the "Reply Submissions"). As set forth below, the court finds that the Reply Submissions do not establish any basis for altering Judge Sifton's September 17, 2009 order.

**I.  BACKGROUND**

On May 27, 1994, Judge Sifton sentenced Moore to life imprisonment following his conviction on cocaine base distribution and firearms charges. (Docket Entry # 231.) On March 17, 2009, under the amended United States Sentencing Guidelines pertaining to cocaine base offenses, Judge Sifton re-sentenced Moore to 360 months of imprisonment. (Docket Entry # 401.) On July 1, 2009, Moore moved for reconsideration of his new sentence. (Docket Entry # 403.) The Government filed a letter in opposition on August 31, 2009. (Docket Entry # 409.) Moore did not timely file a reply and, on September 17, 2009, Judge Sifton issued an order denying Moore's reconsideration motion. (Docket Entry # 411.) On January 7, 2010, Moore's

1

case was reassigned to this court. (Docket Entry # 413.) On March 31, 2007, the court granted Moore leave to file a reply. (Docket Entry # 417.)

On May 10, 2010, Moore filed an initial reply letter. (Docket Entry # 421.) On May 27, 2010, Moore's counsel sent the court another letter (Docket Entry # 422) setting forth Moore's arguments for reconsideration in greater detail and asking the court to reserve decision until the Supreme Court decided Dillon v. United States, 130 S. Ct. 2683 (2010). That same day, the court ordered the Government to respond to defense counsel's letter and to address Dillon once it was decided. On June 23, 2010, Moore wrote a letter to the court raising certain equal protection claims and citing to the oral arguments in Dillon. (Docket Entry # 423.) By letter dated July 29, 2010, the Government responded to Moore's arguments relating to Dillon, as well as the other issues raised in the Reply Submissions. (Docket Entry # 424.)

## II. DISCUSSION

Moore's initial motion for reconsideration was primarily based on claims under Apprendi v. New Jersey, 530 U.S. 466 (2000), comments made by the Assistant Attorney General for the Criminal Division of the Department of Justice, and United States v. Williams, 551 F.3d 182, 186 (2d Cir. 2009). Judge Sifton denied reconsideration for several reasons – three of which the court recounts here. First, under Coleman v. United States, 329 F.3d 77 (2d Cir. 2003), there was no basis for retroactively applying Apprendi. Second, 18 U.S.C. § 3582 foreclosed any re-sentencing beyond what Defendant already received. Third, Moore failed to raise his Williams-based arguments on direct appeal and was procedurally barred from raising them in a reconsideration motion. The Reply Submissions largely reiterate arguments that Judge Sifton already rejected; they provide no additional evidence or argument that undermine his conclusions.

Dillon also offers no help to Moore. To the contrary, the Supreme Court specifically rejected the argument that a defendant is entitled to resentencing based on retroactive amendments to the Sentencing Guidelines and United States v. Booker, 543 U.S. 220 (2005). See Dillon, 130 S. Ct. at 2690-92. Moore's references to Chief Justice Robert's discussion of the Equal Protection Clause during the Dillon oral arguments also do not provide any basis for relief. And to the extent that Moore raises his own equal-protection challenge, it is foreclosed by Second Circuit precedent. See United States v. Samas, 561 F.3d 108, 110 (2d Cir. 2009).

## III. CONCLUSION

For the foregoing reasons, the court finds that there is no basis for altering Judge Sifton's September 17, 2009 order. Moore's motion for reconsideration is denied.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October /2, 2010

NICHOLAS G. GARAUFIS
United States District Judge