

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

CHRISTOPHER MOORE,

           Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**92-CR-0200 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Defendant's numerous submissions and motions for a reduced sentence, and Defendant's request for appointment of counsel. For the reasons discussed below, Defendant's motions and request are DENIED.

## I. BACKGROUND[1]

On May 27, 1994, Judge Sifton sentenced Defendant to life imprisonment following his conviction on cocaine base distribution and firearms charges. (Calendar Entry (Dkt. 231).) On March 17, 2009, under the amended United States Sentencing Guidelines pertaining to cocaine base offenses, Judge Sifton resentenced Defendant to 360 months of imprisonment. (Am. J. (Dkt. 401).) Defendant subsequently moved for reconsideration of his new sentence (July 1, 2009, Mot. for Reconsideration (Dkt. 403)), which Judge Sifton denied (Sept. 17, 2009, Order (Dkt. 411)). Supplemental filings were then submitted by Defendant (Dkts. 421, 423) and his counsel (Dkt. 422) further arguing for reconsideration. In an October 12, 2010, memorandum and order ("October 2010 Order"), this court denied Defendant's further arguments for reconsideration of the previous resentencing order, noting that Defendant's supplemental

---

[1] A complete factual background of the case is detailed at length in the February 26, 2008, Memorandum and Opinion of Judge Charles P. Sifton. ("Resentencing Opinion" (Dkt. 399).)

1

submissions "largely reiterate[d] arguments that Judge Sifton already rejected; they provide no additional evidence or argument that undermine his conclusions." (October 2010 Order (Dkt. 428) at 2.)

Defendant then sent several letters to the court, asking the court to take note of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), enacted in August 2010. (Dkts. 431-44.) In a memorandum and order of April 18, 2011 (the "April 2011 Order"), the court construed those letters as constituting a further motion for reconsideration "based upon Moore's apparent belief that the court overlooked the FSA in its October 2010 Order." (April 2011 Order (Dkt. 436) at 1.) In that opinion, which denied Defendant's motion for further reconsideration, the court noted that the FSA did not apply retroactively and so could not apply to Defendant, who was convicted and sentenced in 1994. (Id.)

Since then, Defendant has submitted several letters and motions asking for additional reconsideration of his sentencing and of the court's subsequent rulings. (See, e.g., Dkts. 438, 439, 440, 459, 461, 464.) The court ordered that the Government show cause why Defendant should not be resentenced pursuant to 18 U.S.C. § 3582(c)(2). (Dec. 2, 2011, Order to Show Cause (Dkt. 441).) In addition, the court directed attorney Bobbi C. Sterheim, who was appointed by the court to represent Defendant in connection with his motion for resentencing (see id.), to notify the court whether she would make a submission in support of Defendant's arguments (Feb. 28, 2012, Order (Dkt. 447)). The Government submitted its Response to Order to Show Cause on January 5, 2012. (Dkt. 444.) Ms. Sternheim advised the court on May 31, 2012, that she had reviewed Defendant's pro se submissions and did not intend to supplement them. (May 31, 2012, Ltr. (Dkt. 449).)

Subsequently, Defendant requested that the court not construe any of his pending submissions as an application for sentence reduction pursuant to 18 U.S.C. 3582(c)(2). (Dkts. 454, 457.) However, Defendant then renewed his request for a reduction under 18 U.S.C. 3582 in multiple submissions. (See Dkts. 459, 461-64.) The court now considers these motions and requests.

## I. DISCUSSION

The Supreme Court has established a "two-step inquiry" for district courts deciding motions for sentence reduction under 18 U.S.C. § 3582(c)(2). Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); see also United States v. Christie, No. 13-245 (2d Cir. Nov. 15, 2013). The district court must first determine whether a defendant is "*eligible* for a reduction in sentence, which requires that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission—namely § 1B1.10." See Christie, slip op. at 7, quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (emphasis in original; internal quotation marks omitted). If—and only if—a defendant is eligible for a sentence reduction, the court proceeds to the second step and considers whether a reduction is warranted. Id. at 8. Because the court concludes that the Defendant is not eligible for a sentence reduction, we omit further discussion of the second inquiry under Dillon.

To the extent Defendant raises arguments already considered and rejected by this court (see, e.g., Dkts. 411, 428, 436) and by the Second Circuit (see Dkts. 253, 328, 456), the court dismisses them on the grounds previously explained and relied upon. Additionally, Defendant's further arguments that he is eligible for further reduction in sentence are incorrect. For the reasons set forth in the Government's letter of January 5, 2012 (Gov't Ltr. (Dkt. 444)), Defendant's current sentence of 360 months is the minimum of the amended guideline range and

he is ineligible for a further reduction of his sentence. See U.S. Sentencing Guidelines Manual (USSG) § 1B1.10(b)(2)(A) (2012). The trial court found that Defendant was responsible for the distribution of between 1.5 and 5 kilograms of cocaine base, resulting in a base offense level of 34 under the amended guidelines. See USSG § 2D1.1(c)(3). The base offense level is augmented with a four-point enhancement for leadership role and a two-point addition for multiple counts of conviction, bringing the Total Adjusted Offense Level to 40. (See Gov't Ltr. (Dkt. 444).) Defendant falls within Criminal History Category III, and Defendant's sentencing guideline range, recalculated pursuant to the most recent guidelines, remains 360 months to life. See USSG Ch. 5 Pt. A. Because the Defendant's current sentence on Count One is 360 months of incarceration, an amount equivalent to the minimum of the amended guideline range, Defendant is ineligible for a further sentence reduction. See USSG § 1B1.10(b)(2).

Defendant also makes arguments pursuant to the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). (Dkts. 462, 463, 464.) Alleyne held that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2155. Defendant claims the jury in his case did not find, beyond a reasonable doubt, a specific amount of cocaine base, and that the district court instead relied on an estimate of the amount cocaine base for purposes of sentencing. (Dkt. 462.) Defendant contends that this fact, as estimated by the district court, increased his sentence and should have been found beyond a reasonable doubt by a jury, as required under Alleyne. (Id.) Because it was not, Defendant claims violations of his rights under the Fifth and Sixth Amendments to the Constitution and asks the Court to provide such relief as it regards just and proper. (Id.)

Whether or not Defendant's description of the district court's actions is accurate, and regardless of whether the Court in <u>Alleyne</u> did in fact establish a new rule, <u>Alleyne</u>'s holding provides no basis for Defendant's collateral attack because the Court did not decide that it should apply retroactively. "[T]here is no indication that the Supreme Court intended for [<u>Alleyne</u>] to apply retroactively to . . . collateral review." <u>Castellano v. United States</u>, --- F. Supp. 2d ----, 10-CV-4000 (VM), 2013 WL 4516793, at *2 (S.D.N.Y. Aug. 20, 2013). The Second Circuit recently confirmed this view, holding that "<u>Alleyne</u> did not announce a new rule of law made retroactive on collateral review." <u>United States v. Redd (Shue)</u>, No. 13-2971, slip op. at 7 (2d Cir. Nov. 5, 2013). Even if <u>Alleyne</u> did announce a new rule of law, "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Id.</u> at 5 (quoting <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001) (internal quotations omitted)). Because the Supreme Court has not done so, Defendant's collateral attack must fail.

Accordingly, Defendant's motions for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and for collateral attack pursuant to the Supreme Court's decision in <u>Alleyne</u> are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 6, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge