D/F
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

CHRISTOPHER MOORE,

         Defendant.

----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**92-CR-0200 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Before the courts are Defendant's numerous submissions for a reduced sentence. For the reasons discussed below, Defendant's requests are collectively interpreted as a single successive 28 U.S.C. § 2255 motion and TRANSFERRED to the Court of Appeals for the Second Circuit.

## I. BACKGROUND[1]

    On May 27, 1994, Judge Charles P. Sifton sentenced Defendant to life imprisonment following his conviction on cocaine base distribution and firearms charges. (Dkt. 231.) The conviction and sentence were affirmed on direct appeal, and subsequent motions and petitions, including two 28 U.S.C. § 2255 petitions and appeals from denials of those petitions, have all been denied.

    On March 17, 2009, Judge Sifton resentenced Defendant to 360 months of imprisonment under the amended United States Sentencing Guidelines pertaining to cocaine base offenses. (Am. J. (Dkt. 401).) Defendant subsequently moved for reconsideration of his new sentence (July 1, 2009, Mot. for Recons. (Dkt. 403)), which Judge Sifton denied (Sept. 17, 2009, Order (Dkt. 411)).

---

[1] A complete factual background of the case is detailed at length in the February 26, 2008, Memorandum and Opinion by Judge Sifton. (Dkt. 399.)

1

Subsequently, Defendant and his counsel submitted additional filings further arguing for reconsideration. (Dkts. 421-23.) On October 12, 2010, this court denied Defendant's further arguments for reconsideration of the previous resentencing order, noting that Defendant's supplemental submissions "largely reiterate[d] arguments that Judge Sifton already rejected; they provide no additional evidence or argument that undermine his conclusions." (Oct. 14, 2010, Order (Dkt. 428) at 2.)

Defendant then sent several letters to the court, asking the court to take note of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), enacted in August 2010. (Dkts. 431-444.) The court construed those letters as a further motion for reconsideration "based upon Moore's apparent belief that the court overlooked the FSA in its October 2010 Order." (Apr. 18, 2011, Order (Dkt. 436) at 1.) On April 18, 2011, the court denied Defendant's motion for further reconsideration because the FSA did not apply retroactively and thus could not apply to Defendant, who was convicted and sentenced in 1994. (Id.) This Order was affirmed by the Second Circuit. (Dkt. 456.)

Thereafter, Defendant submitted several letters and motions asking for additional reconsideration of his sentence and of the court's subsequent rulings. (See, e.g., Dkts. 438, 439, 440, 459, 461, 464.) The court interpreted these as a request for a reduction under 18 U.S.C. § 3582(c) and found that Defendant was not eligible for further reduction because his current sentence of 360 months is the minimum of the amended guideline range. (Nov. 19, 2013, Order (Dkt. 465).) The court also denied his collateral attack pursuant to the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). (Id.)

## II. DISCUSSION

Since the court's previous Order issued on November 19, 2013, Defendant has submitted several letters that contest the factual findings at trial, challenge the legal validity of the crack-cocaine sentencing disparity, and seek further reductions in his sentence. (See Dkts. 466, 468, 469, 471). The court addresses these in turn.

The first is a letter contesting the crack-cocaine sentencing disparity on the basis of the Equal Protection Clause and the Eighth Amendment. (Dkt. 469.) Defendant relies exclusively on the concurring and dissenting opinions in United States v. Blewett, 746 F.3d 647 (6th Cir. 2013) (en banc) to support his argument. However, the controlling en banc opinion in Blewett holds that failure to provide retroactive effect to the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which reduced the crack-cocaine to powder-cocaine ratio from 100:1 to 18:1, does not violate the Equal Protection Clause or the Eight Amendment. Blewett, 746 F.3d at 659-60. More importantly, in affirming Defendant's conviction and sentence on direct appeal, the Second Circuit has already rejected Defendant's argument that the crack-cocaine sentencing disparity violated the Equal Protection Clause. See United States v. Moore, 54 F.3d 92, 96-99 (2d Cir. 1995). To the extent Defendant raises arguments already considered and rejected by this court and the Second Circuit, the court dismisses them on the grounds previously explained and relied upon.

Defendant's second submission is another request for a sentence reduction pursuant to 18 U.S.C. § 3582(c). (Dkt. 471.) In that request, Defendant references recent public statements by Deputy Attorney General James M. Cole announcing a new clemency initiative by the President of the United States for some non-violent inmates who have served at least 10 years of a long drug sentence that would have been shorter if given today. (Id.; see also Press Release, U.S.

Dep't of Justice, Remarks as Prepared for Delivery by Deputy Attorney General James M. Cole at the Press Conference Announcing the Clemency Initiative (Apr. 23, 2014).) The President's initiative is open to candidates who meet certain criteria. (Id.) If Defendant believes he fits these criteria, he should contact the Bureau of Prisons to petition for clemency, as the President's initiative is not binding on this court.

Defendant also cites a recent amendment to the U.S. Sentencing Guidelines, which would lower by two levels the base offense associated with various drug quantities involved in drug trafficking crimes. (Dkt. 471; see also Press Release, U.S. Sentencing Comm'n, U.S. Sentencing Commission Votes to Reduce Drug Trafficking Sentences (Apr. 10, 2014).) The amendment was transmitted to Congress and will go into effect on November 1, 2014, if Congress does not act to disapprove it. (Id.) Should the amendment go into effect and should it become retroactive, Defendant will be able to petition this court for resentencing in the future. At present, his application is premature.

Finally, Defendant has also submitted two letters contesting the jury findings at his trial.[2] (Dkts. 466, 468.) The essence of Defendant's argument is that testimony of Government experts at trial established that the controlled substances involved in his offense tested positive for "only cocaine hydrochloride and not cocaine base." (Dkt. 466 at 2 (internal quotation marks and emphasis removed).) Defendant attaches excerpts from what appears to be the trial transcript, in which several witnesses testify that the contents of the vials of drugs distributed by Defendant tested positive for cocaine. (See Dkt. 448-1.)

Because Defendant's requests contest the factual findings at trial, the proper basis for his motion is 28 U.S.C. § 2255. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) ("2255 is

---

[2] These arguments are also repeated in his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c). (See Dkt. 471 at 2-3.)

generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). The court therefore construes Defendant's filings as having been brought pursuant to § 2255.

The Second Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court . . . the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631." Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). Because Defendant has made two previous requests for relief under § 2255, this court lacks jurisdiction to consider his successive § 2255 request, unless Defendant first obtains a certification from the Court of Appeals as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Id. at 121. Accordingly, Defendant's petition is transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.

## III. CONCLUSION

For the reasons set forth above, Defendant's constitutional challenge to his sentence (Dkt. 469) and his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (Dkt. 471) are DENIED. Defendant's submissions contesting the jury findings at his trial (Dkts. 466, 468.) are construed as a successive 28 U.S.C. § 2255 petition and are TRANSFERRED to the Court of Appeals. The Clerk of Court is directed to transmit a copy of this Order to all parties and to transfer the petition to the Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: Brooklyn, New York
July _11_, 2014

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5