D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

CHRISTOPHER MOORE,

        Defendant.
--------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**92-CR-200-1 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Christopher Moore's motion for a reduction in sentence

pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence (Dkt. 473); Ltr.-Mot. in Supp. of

Mot. to Reduce Sentence ("Def.'s Mem.") (Dkt. 481).) For the reasons discussed below,

Defendant's motion for a reduction in sentence is GRANTED IN PART, and Defendant's term

of imprisonment for his violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) is reduced from 360

months to 324 months.

## I.    BACKGROUND

On May 31, 1994, Judge Charles P. Sifton sentenced Defendant to life imprisonment

following a trial and his conviction on cocaine base (crack cocaine) distribution- and firearms-

related charges. (J. (Dkt. 232).) The conviction and sentence were affirmed on appeal. See

United States v. Moore, 54 F.3d 92 (2d Cir. 1995). On March 17, 2009, upon Defendant's

motion, Judge Sifton resentenced Defendant to 360 months of imprisonment for the drug

conviction under the amended United States Sentencing Guidelines pertaining to cocaine base

offenses. (See Am. J. (Dkt. 401); see also Feb. 27, 2009, Mem. & Order ("First Resentencing

Decision") (Dkt. 399).) The original Judgment and Amended Judgment also include a

consecutive sentence of 60 months of imprisonment for a firearm-related conviction under 18

U.S.C. § 924(c)(1), as well as concurrent terms of imprisonment for other charges for which

1

Defendant was convicted. (See generally Am. J.) The action was subsequently reassigned to the undersigned district judge. (See Order Reassigning Judge (Dkt. 413).)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Through Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id.

at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth the exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

### A. Defendant's Eligibility

Defendant argues that in light of Amendment 782, his total offense level should now be 38, which corresponds to a new Guideline range for the drug conviction of 292 to 365 months of imprisonment. (Def.'s Mem. at 3.) See U.S.S.G. § 5A (Sentencing Table). The Government expressly agrees that Defendant is eligible for resentencing, and it concurs in the calculation of the new Guideline range. (See Gov't's Mem. of Law in Opp'n to Def.'s Mot. to Reduce Sentence (Dkt. 483) ("Gov't's Mem.") at 10.)

The court concludes that Defendant is eligible for a reduction in sentence. Defendant's

sentence for his violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) was based on the lowest end of

the sentencing range under the applicable Guideline at the time of his first resentencing.

Therefore, Amendment 782 applies to Defendant. See U.S.S.G. App. C (Supp.) at 71. Had

Amendment 782 been in effect at the time of Defendant's resentencing in 2009, see id.

§ 1B1.10(b)(1), his total offense level would have been 38 (not 40), see id. § 2D1.1(c)(2), and

the Guideline range for his sentence would have been 292 to 365 months of imprisonment

(not 360 months to life), see id. § 5A (Sentencing Table).

## B.    Extent of Reduction Warranted

Proceeding to the second step of the Dillon analysis, the court must determine whether a

reduction in sentence is warranted, and if so, to what extent. Defendant moves for a reduction of

the drug-related sentence from 360 months to 292 months, the low end of the new Guideline

range.[1] (See Def.'s Mem. at 1.) The Government opposes any reduction in Defendant's

sentence. (See Gov't's Mem. at 10-18.) To aid in its determination, the court held a sentencing

hearing on December 15, 2015, during which the Government and Defendant's counsel appeared

in-person, and Defendant appeared before the court by videoconference. (See Dec. 15, 2015,

Min. Entry (Dkt. 485).)

Upon a review of the § 3553(a) factors, the court finds that a reduction in sentence is

warranted, but, in its discretion, finds that a reduction to a term of imprisonment of 292 months,

as requested by Defendant, is not warranted. Rather, the court resentences Defendant to 324

months of imprisonment for the conviction under 21 U.S.C. §§ 846 and 841(b)(1)(A). See

---

[1] The parties agree that even if resentenced to the low end of the new Guideline range, Defendant's consecutive sentence of 60 months of imprisonment for the firearm-related charge will continue to apply. (See Def.'s Mem. at 1 n.1; Gov't's Mem. at 10 n.1.)

U.S.S.G. § 1B1.10 cmt. n.1(1)(B)(i) (providing that district court has discretion to resentence a defendant anywhere within the amended Guideline range, but no lower than the bottom of amended range unless an exception applies).

For the same reasons that a sentence reduction was appropriate when Defendant was resentenced by Judge Sifton in 2009, a sentence reduction is, in the first instance, appropriate here. In the First Resentencing Decision, Judge Sifton found, inter alia:

- "Although defendant's offense, which involved directing the operations of a violent, extensive, armed and well-organized crack cocaine distribution ring, is serious, a balancing of the § 3553(a) factors leads me to conclude that a sentence of 360 months is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment and deter similar conduct." (First Resentencing Decision at 9.)

- Defendant has adjusted to life in prison, and despite accumulating a considerable list of mostly minor sanctions, the Probation Department does not consider him to be a 'management problem.'" (Id. at 9-10.)

- Further, as defendant must serve a consecutive five-year sentence for the firearm offense, a sentence of 360 months on the crack offense would result in an overall sentence of 35 years, following which defendant would be approximately 65 years of age. Many courts have observed that recidivism is markedly lower for older defendants. (Id. at 10 (citations omitted).)

In addition to Judge Sifton's prior observations, which the court echoes, the court now observes that Defendant has continued to pursue his education since the 2009 resentencing, completing nearly 80 classes and programs. (See Def.'s Mem. at 3 & Ex. A.) While Defendant's disciplinary history during his time in prison is far from perfect, the court notes that his history of mostly minor infractions did not deter Judge Sifton from resentencing Defendant in 2009. Moreover, the frequency of Defendant's infractions has decreased considerably since Defendant's relocation to a new correctional facility in 2012, following a finding by a Discipline

Hearing Officer that Defendant had not committed a charge of assault with serious injury to a corrections officer, a charge for which Defendant spent almost three years in the Special Housing Unit. (See Def.'s Ltr.-Reply in Supp. of Mot. to Reduce Sentence (Dkt. 484) at 1-2 & Ex. A.) With these factors in mind, the court's decision to reduce Defendant's sentence "is consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782," United States v. Armond, No. 08-CR-76 (JBA), 2015 WL 252429, at *2 (D. Conn. Jan. 15, 2015), which is to reflect, among other things, the Commission's determination that reductions for certain drug offenses "would be an appropriate step toward alleviating the overcapacity of the federal prisons," U.S.S.G. Amendment 782 (policy statement)).

However, the court cannot ignore the seriousness of the conduct for which Defendant was originally convicted, or the fact that the reduction authorized in this case—in effect, up to 68 months of imprisonment—represents a very significant period of time, particularly where Defendant's current sentence of 360 months currently falls within the amended Guideline range.[2] Based on a review of the § 3553(a) factors, the court finds that a sentence of 324 months of imprisonment for the conviction under 21 U.S.C. §§ 846 and 841(b)(1)(A)—a three-year reduction in sentence from Defendant's current sentence—with a consecutive sentence of 60 months of imprisonment for the conviction under 18 U.S.C. § 924(c)(1), is an overall term of imprisonment that is sufficient, but not greater than necessary, to reflect the seriousness of Defendant's conduct, provide just punishment and adequate deterrence, protect the public from further crimes of Defendant, and prepare Defendant for re-entry into the community.

---

[2] The court also notes that one of the core factors supporting Judge Sifton's First Resentencing Decision—that recidivism decreases with a defendant's age, and therefore that it was appropriate to reduce Defendant's sentence from a term of life imprisonment to a term of 360 months—is less applicable here, where Defendant is no longer sentenced to life in prison even absent a reduction. (See First Resentencing Decision at 10.)

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED IN PART. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 324 months of imprisonment for the conviction under 21 U.S.C. §§ 846 and 841(b)(1)(A), with a consecutive sentence of 60 months of imprisonment for the conviction under 18 U.S.C. § 924(c)(1). The court does not alter any other portion of the March 17, 2009, Amended Judgment (Dkt. 401), including the five-year term of supervised release, the conditions of supervised release, the $300 assessment, and the $1,000,000 fine.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 2I, 2015

NICHOLAS G. GARAUFIS
United States District Judge