UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                                **ORDER**

        -against-                        92-CR-200 (NGG)

   CHRISTOPHER MOORE,

                  Defendant.

-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Defendant Christopher Moore, proceeding pro se, filed the instant application dated June 15, 2016, for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. Judge Charles P. Sifton sentenced Defendant on May 27, 1994, to a term of life imprisonment and to a consecutive term of five years imprisonment following his convictions on cocaine base distribution and firearms charges. (J. (Dkt. 232).) Defendant's life term has subsequently been reduced to 324 months imprisonment. (Jan. 6, 2016, Order (Dkt. 487).) Defendant now seeks leave to file a successive motion in order to challenge his sentence of five years imprisonment in light of Johnson v. United States, 135 S. Ct. 2251 (2015). For the reasons set forth below, the court TRANSFERS the application to the United States Court of Appeals for the Second Circuit.

      Defendant has filed three prior 28 U.S.C. § 2255 petitions challenging his conviction and sentence. (See, e.g., July 15, 2014, Mem. & Order (Dkt. 472); July 21, 2006, Mem. & Order (Dkt. 372).) Defendant now seeks to file a fourth petition. Section 2255(h)(2) provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Defendant's request to file a successive petition is thus more appropriately addressed to the United States Court of

1

Appeals for the Second Circuit. Rather than dismissing Defendant's request outright for lack of jurisdiction, the court transfers Defendant's application to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. See Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (finding that district courts must transfer second or successive § 2255 motions to the Second Circuit for certification).

Accordingly, the instant application is hereby TRANSFERRED to the United States Court of Appeals for the Second Circuit. The Clerk of Court is respectfully directed to transmit a copy of this Order to all parties and to transfer the application to the Second Circuit.

SO ORDERED.

Dated: Brooklyn, New York
June 23, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge