D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

CHRISTOPHER MOORE,

    Defendant.
-----------------------------------------------------------------X

ORDER

92-CR-200 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Defendant Christopher Moore's motion for reconsideration of the court's order granting in part his motion to reduce sentence (Mot. for Reconsideration (Dkt. 489)) and his motion for a reduction in sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (Mot. to Reduce Sentence (Dkt. 506)). For the following reasons, Defendant's motions are DENIED.

On May 31, 1994, Judge Charles P. Sifton sentenced Defendant to life imprisonment following a trial and his conviction on cocaine base (crack cocaine) distribution- and firearms-related charges. (J. (Dkt. 232).) The conviction and sentence were affirmed on appeal. See United States v. Moore, 54 F.3d 92 (2d Cir. 1995). On March 17, 2009, upon Defendant's motion, Judge Sifton resentenced Defendant to 360 months of imprisonment for the drug conviction under the amended United States Sentencing Guidelines pertaining to cocaine base offenses. (See First Am. J. ("FAJ") (Dkt. 401); see also Feb. 27, 2009 Mem. & Order ("First Resentencing Decision") (Dkt. 399).) The action was reassigned to the undersigned on January 7, 2010. (See Jan. 7, 2010 Order (Dkt. 413).) On December 22, 2015, again upon Defendant's motion, the court resentenced Defendant to 324 months of imprisonment for the drug offense. (See Second Am. J. ("SAJ") (Dkt. 487); see also Dec. 22, 2015 Mem. & Order ("Second Resentencing Decision") (Dkt. 486).) The original Judgment, the First Amended Judgment, and

1

the Second Amended Judgment all also include a consecutive sentence of 60 months of imprisonment for a firearm-related conviction under 18 U.S.C. § 924(c)(1), as well as concurrent terms of imprisonment for other charges of which Defendant was convicted. (See J.; FAJ; SAJ.)

In its 2015 decision, this court reduced Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and applied the advisory Guidelines range effective at that time, which had been lowered in 2014 pursuant to Congress's instructions in the Fair Sentencing Act. (See Second Resentencing Decision at 2-3.) The range applied by the court then—292 to 365 months' imprisonment—is the range that remains applicable to him. (See id.; Def. Suppl. Mem. in Supp. of Mot. to Reduce Sentence ("Suppl. Mem.") (Dkt. 519) at 1; Gov. Suppl. Resp. in Opp'n to Mot. to Reduce Sentence ("Suppl. Resp.") (Dkt. 523).) At that time, the court found that a reduction to a term of imprisonment of 292 months—the sentence Defendant again requests here—was not warranted. (Second Resentencing Decision at 4.) Instead, the court resentenced Defendant to 324 months of imprisonment following a sentencing hearing and review of Defendant's records. (Id. at 4-6.) The court reached this decision after determining that a sentence of 324 months was "an overall term of imprisonment that is sufficient, but not greater than necessary, to reflect the seriousness of Defendant's conduct, provide just punishment and adequate deterrence, protect the public form further crimes of Defendant, and prepare Defendant for reentry into the community." (Id. at 6.) In so finding, the court considered the following facts:

- "While Defendant's disciplinary history during his time in prison is far from perfect, [Defendant has incurred] mostly minor infractions" (id. at 5);
- "Defendant has continued to pursue his education . . . , completing nearly 80 classes and programs (id.);
- "[D]efendant's offense, which involved directing the operations of a violent, extensive, armed and well-organized crack cocaine distribution ring, is serious" (id. (quoting First Resentencing Decision at 9)).

2

On April 8, 2016, Defendant filed a motion for reconsideration of this court's resentencing decision, asking the court to resentence Defendant to 292 months rather than to 324 months. (Mot. for Reconsideration at 1.) To this motion, Defendant attached a copy of a guidebook he coauthored to encourage young people to avoid incarceration and providing guidance on how to behave while imprisoned. (Id. at 2.) He also attached a Progress Report dated February 3, 2016 indicating that he has co-written educational program books and that he has maintained contact with immediate family members. (Id.) The court commends Defendant on his efforts to aid others and to remain close with his family. However, this information does not alter the court's determination that 324 months is an appropriate term of imprisonment in light of the relevant facts discussed above, particularly the seriousness of the conduct leading to Defendant's convictions and the fact that his current sentence is within the Guidelines range.

On December 27, 2018, Defendant further moved for a reduction in sentence pursuant to the First Step Act. (Mot. to Reduce Sentence.) Section 404 of the First Step Act retroactively applies the provisions of the Fair Sentencing Act of 2010 that increased the quantity of crack cocaine that triggered the mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. See First Step Act, § 404, 132 Stat. at 5222; Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372. A Defendant is eligible for a sentence reduction under § 404 if he has been sentenced for "a violation of a Federal criminal statute, the statutory for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404, 132 Stat. at 5222. Here, as the Government does not dispute, Defendant is eligible for a sentence reduction because he was convicted of violations of 21 U.S.C. § 841(b)(1)(A)(ii), for which the statutory penalties

were modified by the Fair Sentencing Act, see § 2(a)(1), 124 Stat. at 2372, and he committed these violations before August 3, 2010 (see J).

The Government argues, however, that a third reduction of Defendant's sentence is not warranted. (See Suppl. Resp. at 2.) The court agrees. Defendant has not provided any additional information that alters this court's finding that a sentence of 324 months of imprisonment is "an overall term of imprisonment that is sufficient, but not greater than necessary, to reflect the seriousness of Defendant's conduct, provide just punishment and adequate deterrence, protect the public form further crimes of Defendant, and prepare Defendant for reentry into the community." (Second Resentencing Decision at 6.) This sentence is within the Guidelines range made applicable to Defendant by the First Step Act, and the court originally imposed it in light of the changes to the Guidelines made retroactive by that Act. It sees no reason to revisit that determination now.

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. 489) and motion to reduce sentence (Dkt. 506) are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge