UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

                    Plaintiff,

    -against-

CHRISTOPHER MOORE,

                    Defendant.

**ORDER**

**92-CR-200 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On October 18, 2019, this court entered an order denying Defendant Christopher Moore's motion for reconsideration of the court's order granting in part his motion to reduce sentence (Mot. for Reconsideration (Dkt. 489)) and his motion for a reduction in sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (Mot. to Reduce Sentence (Dkt. 506)). (Order ("2019 Order") (Dkt. 525).) On March 1, 2021, the Second Circuit vacated the 2019 Order and remanded to this court pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), to reenter this court's decision, if based on the correct understanding of Mr. Moore's sentence, or, if necessary, for reevaluation of Mr. Moore's motions. *United States v. Moore*, 2021 WL 772271 (2d Cir. Mar. 1, 2021). Because the 2019 Order was based on the correct understanding of Mr. Moore's sentence, this court reenters the terms of that order, allowing Mr. Moore's sentence to stand at 324 months' imprisonment for the drug offense, to be followed by 60 months' imprisonment for the firearms offense.[1]

---

[1] The court assumes the parties' familiarity with the underlying facts and procedural history in this case, and refers to them only as needed to explain the terms of its order.

1

On May 31, 1994, Judge Charles P. Sifton sentenced Mr. Moore to life imprisonment following a trial and his conviction on cocaine base (crack cocaine) distribution- and firearms-related charges. (J. (Dkt. 232).) The conviction and sentence were affirmed on appeal. *See United States v. Moore*, 54 F.3d 92 (2d Cir. 1995). On March 17, 2009, upon Mr. Moore's motion, Judge Sifton resentenced Mr. Moore to 360 months of imprisonment for the drug conviction under the amended United States Sentencing Guidelines pertaining to cocaine base offenses. *See* First Am. J. ("FAJ") (Dkt. 401); *see also* Feb. 27, 2009 Mem. & Order ("First Resentencing Decision") (Dkt. 399).) The action was reassigned to the undersigned on January 7, 2010. (*See* Jan. 7, 2010 Order (Dkt. 413).) On December 22, 2015, again upon Mr. Moore's motion, the court resentenced Mr. Moore to 324 months of imprisonment for the drug offense. (*See* Second Am. J. ("SAJ") (Dkt. 487); *see also* Dec. 22, 2015 Mem. & Order ("Second Resentencing Decision") (Dkt. 486).) The original Judgment, the First Amended Judgment, and the Second Amended Judgment each also includes a consecutive sentence of 60 months of imprisonment for a firearm-related conviction under 18 U.S.C. § 924(c)(1), as well as concurrent terms of imprisonment for other charges of which Mr. Moore was convicted. (*See* J.; FAJ; SAJ.)

On April 8, 2016, Mr. Moore filed a motion for reconsideration of this court's resentencing decision, asking the court to resentence him to 292 months rather than to 324 months for the drug offense. (Mot. for Reconsideration at 1.) On December 27, 2018, Mr. Moore further moved for a reduction in sentence for the drug offense pursuant to the First Step Act. (Mot. to Reduce Sentence.) The Government argued that a third reduction of Mr. Moore's sentence for the drug offense was not warranted. (*See* Suppl. Resp. at 2.) The court agreed. (2019 Order at 4). It explained that Mr. Moore did not provide any additional information that altered its previous finding, where the court had explained that "a sentence of 324 months of imprisonment for

the conviction under 21 U.S.C. §§ 846 and 841 (b)(1)(A) . . . with a consecutive sentence of 60 months of imprisonment for the conviction under 18 U.S.C. § 924(c)(1), is an overall term of imprisonment that is sufficient, but not greater than necessary, to reflect the seriousness of Defendant's conduct, provide just punishment and adequate deterrence, protect the public from further crimes of Defendant, and prepare Defendant for reentry into the community." (*Id.*; Second Resentencing Decision at 6.)

Accordingly, this court reenters the terms of the 2019 Order, allowing Mr. Moore's sentence to stand at 324 months' imprisonment for the drug offense, to be followed by 60 months' imprisonment for the firearms offense. As stated by the Second Circuit in *Moore*, either party may restore jurisdiction by letter to the Clerk pursuant to the procedures outlined in *Jacobson*, 15 F.3d at 22, in which case any further appeal will be referred to the same panel. 2021 WL 772271, at *2.

SO ORDERED.

Dated:   Brooklyn, New York
        April 15, 2021

                                            /s/ Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge